COMMONWEALTH *vs.* HENRY M. LIVERMORE.

Proof of repeated sales by a defendant, at his tavern and grocery, of brandy, rum and whiskey, which were drunk upon the premises, is sufficient to sustain an indictment for being a common seller of intoxicating liquors, without direct proof, under Gen. Sts. *c.* 172, § 10, that the persons to whom such sales were made were not druggists, apothecaries or physicians.

COMPLAINT for being a common seller of intoxicating liquors.

At the second trial of this case, before *Brigham*, J., after the decision reported in 2 Allen, 292, the evidence showed that the defendant had on various occasions within the time named in the complaint, at his tavern and grocery, sold brandy, rum and whiskey, which were drunk upon the premises; but there was no direct proof that he was not a druggist, or that the persons to whom the sales were made were not druggists, apothecaries or physicians. The defendant requested the judge to rule that the evidence was insufficient; but he declined to do so, and instructed the jury that the government must prove a want of authority to sell, and that the persons to whom sales were made were not druggists, apothecaries or physicians.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*W. Griswold*, for the defendant.

*Foster*, A. G., for the Commonwealth.

METCALF, J. These exceptions are groundless. Testimony that the defendant, at his tavern and grocery, repeatedly sold brandy, rum and whiskey, which were " drunk on the premises," decisively proved, if believed by the jury, that he sold without authority ; for no person, under the existing law, can have lawful authority so to sell intoxicating liquors. 2 Allen, 294.

The court granted the defendant's prayer for instruction that the government must prove affirmatively that he had no authority to sell, as a druggist, and that the persons to whom he sold were not druggists, apothecaries or physicians. This instruction was too favorable to the defendant, unless it is to be understood, as it was undoubtedly meant, that the government must prove affirmatively that he did not, as a druggist, sell to druggists, apothecaries or physicians, pure alcohol, for medicinal purposes only, as permitted by the Gen. Sts. *c.* 86, § 26. For there can be no pretence that sales of brandy, rum and whiskey, by a druggist to druggists, &c. to be "drunk on the premises" of the seller, are lawful. If, however, the jury understood the instruction to be unqualified, they must have found that the defendant did not, as a druggist, sell to druggists, apothecaries or physicians.　　　　　　　　　　　　　*Exceptions overruled*